UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>v.<br><br>Independent School District 75,<br><br>Defendant. | Case No.: Civ. No. 04-4088 MJD/JGL<br><br>**DEFENDANT'S ANSWER<br>TO PLAINTIFF'S COMPLAINT**<br><br>*JURY TRIAL DEMANDED* |

Defendant Independent School District 75 (the "District"), for its Answer to Plaintiff's Complaint, states and alleges as follows:

1. The District denies each and every averment contained in Plaintiff's Complaint unless hereinafter specifically admitted, qualified or otherwise answered.

## NATURE OF ACTION

2. With respect to the Notice of Action prefatory paragraph of Plaintiff's Complaint, the District denies that it has engaged in unlawful employment practices on the basis of age or otherwise, denies that Michael Keefe or other alleged class members are entitled to any relief and denies that it has discriminated against anyone based upon the early retirement incentives referenced in Plaintiff's Complaint.

## JURISDICTION AND VENUE

3. As to the averments in paragraph 1 of Plaintiff's Complaint, and subject to its affirmative defenses herein, the District admits only that this Court has jurisdiction over this action and that venue is proper; otherwise deny.

**PARTIES**

4. With respect to the averments of Paragraph 3 of Plaintiff's Complaint, the District admits only that the Plaintiff is an agency of the United States of America, otherwise deny.

5. With respect to the averments of Paragraph 4 of Plaintiff's Complaint, the District admits only that it is a public School District, otherwise deny.

6. With respect to the averments of Paragraph 5 of Plaintiff's Complaint, admit that the District has employees; otherwise deny.

**CONCILIATION**

7. The District denies the averments of paragraph 6 of Plaintiff's Complaint.

**STATEMENT OF CLAIMS**

8. With respect to the averments of paragraphs 7 and 8 of Plaintiff's Complaint, the District admits only that it entered into collective bargaining agreements with early retirement incentives, but denies the remaining averments of said paragraphs.

9. The District denies that injunctive relief is warranted as alleged and demanded.

10. The District denies that any judgment should be entered requiring payments as alleged.

**BACKGROUND REGARDING MINNESOTA SCHOOL DISTRICT RETIREMENT PLANS**

11. On information and belief, in the early 1970s, the Minnesota Legislature authorized Minnesota School Districts to provide severance pay to School District teachers, and to establish, prescribe and promulgate provisions, rules and regulations for the payment of severance pay upon leaving employment prior to a teacher's normal retirement date.

12. On information and belief, since the 1970s, teachers' unions have proposed severance pay

or early retirement incentive pay provisions in Minnesota School District contracts and Plans.

13. On information and belief, the rationale provided for the proposed severance pay or early retirement incentive pay provisions in School District contracts and Plans was long-term cost savings to the School Districts.

14. Thereafter, the Minnesota Legislature authorized School Districts to establish early retirement incentive and severance plans.

15. School District rationale for the severance and early retirement incentive pay plans continues to be long-term cost savings to the School Districts.

16. The Minnesota Supreme Court in <u>State by Beaulieu v. Independent School District No. 624</u>, 533 N.W.2d 393 (Minn. 1995) held that voluntary declining scale early retirement incentive pay provisions do not unlawfully discriminate based on age under Minnesota Law.

17. Education Minnesota is a labor organization which, along with its local affiliates, represented and acted on behalf of teachers, including the individual named in Plaintiff's Complaint, in collective bargaining which lead to the adoption of the collective bargaining agreements at issue in this action. Education Minnesota, on behalf of the teachers, played a significant role in negotiating the provisions of the collective bargaining agreement which the EEOC now claim to be discriminatory.

**AFFIRMATIVE DEFENSES**

18. The District affirmatively alleges that Plaintiff's Complaint may fail to state a claim upon which relief can be granted.

19. The District affirmatively alleges that Plaintiff's Complaint is barred to the extent that it failed to join necessary and indispensable parties to this action, namely Education Minnesota

and/or its local affiliates to the extent that such organizations, on behalf of their teacher members, negotiated and bargained for the collective bargaining agreements at issue in this matter.

20. The District affirmatively alleges that process may have been insufficient.

21. The District affirmatively alleges that any fault or liability as may be found against the District is not the direct or proximate cause of the alleged injuries, damages or losses.

22. The District affirmatively alleges compliance and conduct consistent with all aspects and applicable rights and obligations identified in applicable provisions of the Age Discrimination in Employment Act of 1967, as amended, and the Fair Labor Standards Act of 1938, as amended.

23. The District affirmatively alleges that the alleged claims may be barred or limited by the doctrines of estoppel, excuse, laches, unclean hands, waiver, or applicable statutes of limitation or repose.

24. The District affirmatively alleges that the alleged claims may be barred or limited by the conduct or other fault of Plaintiff including, but not limited to, changes in its enforcement policy relating to certain early retirement incentive plans utilized by Minnesota school districts, Plaintiff's representations to the public concerning its policy of enforcement against Minnesota school districts for retirement benefits and Plaintiff's interpretation of the ADEA, Plaintiff's creation of a situation of confusion for Minnesota school districts in terms of the Plaintiff's policies and enforcement practices, including, but not limited to, Plaintiff's representations and promises not to seek enforcement of alleged violations of the ADEA by Minnesota school districts if the school districts, in conjunction with Education Minnesota

and its local affiliates, revised language in their collective bargaining agreements concerning early retirement incentive benefits, including promises and representations by Plaintiff that it would conciliate in good faith the claims set forth in the Complaint, none of which has occurred.

25. The District, in reliance on Plaintiff's statements, promises and misrepresentations aforementioned, acted in good faith, changing its collective bargaining agreements as recommended and advised by Plaintiff, and reasonably assumed that it was in compliance with Plaintiff's enforcement policies and applicable law, and that Plaintiff had agreed not to move forward on any of the claims now alleged against the District or, alternatively, that Plaintiff would in good faith negotiate and conciliate the claims and subject matter of Plaintiff's Complaint, none of which has occurred. As such, Plaintiff has waived and is estopped from prosecuting its claims against the District.

26. The District affirmatively alleges insufficient information to form a belief as to the allegations of damage, injury or loss and puts Plaintiff to its strict proof thereof.

27. To the extent of any failure to mitigate, minimize or avoid any injury, damage or loss allegedly sustained, recovery against the District, if any, must be appropriately reduced, limited or barred.

28. The District affirmatively alleges that the alleged claims may be barred as Plaintiff may have failed to exhaust administratively remedies or other mandated pre-litigation protocol.

29. The District affirmatively alleges that Plaintiff and the alleged class members have not suffered any injury and thus they do not have any standing to pursue the alleged claims.

30. The District affirmatively alleges that it may be immune from liability with respect to the

claims alleged.

31. The ADEA may not constitutionally be applied to the District because in enacting the legislation, Congress exceeded its power under the Commerce Clause, Article I, Section 8, Clause 3, of the Constitution of the United States, the Fourteenth Amendment to the Constitution of the United States, the Tenth Amendment to the Constitution of the United States, the principles of state sovereignty and federalism, and United States Supreme Court case law and constitutional jurisprudence. Therefore, the ADEA cannot be applied to the District, and Plaintiff cannot enforce such invalid legislation against the District. Alternatively, the District respectfully requests, under the facts and circumstances herein, and in good faith, a change in existing law to the extent such law presently holds the ADEA may constitutionally be applied to the District under the facts and circumstances herein, including, but not limited to, explicit recognition of United States Supreme Court's rulings that have called into serious question the decision in *EEOC v. Wyoming*, and holdings that the ADEA was invalidly enacted, not appropriate legislation, and that it is "so out of proportion to a supposed remedial or preventative object that it cannot be understood as responsible to, or designed to prevent, unconstitutional behavior." *Kimel v. Florida Bd. Of Regents*, 528 U.S. 62, 120 S.Ct. 631, 647 (2000) (quoting *City of Boerne v. Flores*, 521 U.S. 507, 532 (1997)).

32. To the extent that any defenses of Rule 8 of the Federal Rules of Civil Procedure or applicable law may apply or that may become apparent during the continuing course of discovery in this action, the same are hereby presently asserted, and the right to amend this Separate Answer to specify and assert the same is hereby reserved.

**WHEREFORE**, the District prays for the following relief from this Court:

a.  Plaintiff or any alleged class members take nothing by the pretended causes of action alleged in Plaintiff's Complaint;

b.  The Court enter a Judgment of Dismissal with Prejudice of the Plaintiff's Complaint in favor of the District;

c.  The Court award the District its reasonable attorneys fees, costs, expenses and disbursements in this matter; and

d.  The Court award the District such other and further relief as the Court deems just and equitable.

**JOHNSON & CONDON, P.A.**

Dated: October 13, 2004    s/ Mark R. Azman
Shamus P. O'Meara (221454)
Mark R. Azman (237061)
7401 Metro Boulevard, Suite 600
Minneapolis, MN 55439-3034
(952) 831-6544

**COUNSEL FOR DEFENDANT INDEPENDENT SCHOOL DISTRICT 75 (ST. CLAIR)**

## JURY TRIAL DEMAND

Defendant Independent School District 75 hereby demands Trial by Jury in this matter.

**JOHNSON & CONDON, P.A.**

Dated:  October 13, 2004   s/ Mark R. Azman
Shamus P. O'Meara (221454)
Mark R. Azman (237061)
7401 Metro Boulevard, Suite 600
Minneapolis, MN 55439-3034
(952) 831-6544

**COUNSEL FOR DEFENDANT INDEPENDENT SCHOOL DISTRICT 75 (ST. CLAIR)**